UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KRISTINA EISENACHER,

Plaintiff,

v.

VITAS HOSPICE SERVICES, LLC, et al.,

Defendants.

Case No. 20-cv-04948-RS

**ORDER APPROVING PAGA SETTLEMENT**

## I. INTRODUCTION

Plaintiff Kristina Eisenacher alleges her former employer, Defendant VITAS Hospice Services, LLC ("VITAS"), created unsafe working conditions by forcing its sales representatives to continue making in-person visits to hospitals and other medical facilities in violation of shelter-in-place orders and subsequently retaliated against her when she complained. The parties now jointly seek approval of their settlement under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code § 2698 *et seq.* Because the terms are fair, reasonable, and adequate, the settlement is approved.

## II. BACKGROUND

The parties have agreed to a gross settlement amount of $236,993.27, which includes (1) $20,000 in PAGA penalties, (2) a net settlement amount to Plaintiff in the amount of $177,964.14, and (3) $39,029.13 in attorneys' fees and costs, including the cost to distribute the PAGA fund. The parties have also agreed to ten non-monetary COVID-19 safety protocols. VITAS must (1) continue to provide personal protective equipment commensurate with job responsibilities, (2)

continue to provide intra-office safety protocols to reduce the risk of COVID-19 spread, (3) continue the use of safety protocols related to in-person sales to decrease the risk of COVID-19 spread, (4) continue to provide COVID-19 testing to employees who come into contact with the virus, (5) continue to require employees to report positive tests, (6) continue to perform contract tracing among employees, (7) continue to require that all employees follow facility policies to create a culture that respects the facilities' focus on protecting patients and staff, (8) provide an additional two weeks of paid time off for all employees, including those who have contracted COVID-19, (9) continue to provide reasonable work-from-home accommodations for sales representatives who present a disability or medical issue unless there is an undue hardship, and (10) continue to allow virtual communications to count towards call quotas while the COVID-19 public health orders are in place.

Seventy-five percent of the PAGA settlement will be distributed to the state of California and the remaining quarter will be distributed among aggrieved employees. "Aggrieved employees" are defined in the Settlement Agreement ("SA") as "all current and former sales representatives who were employed by Defendants in California at any time during the period from March 12, 2020 through January 31, 2021." Motion ("Mot.") at 6; SA ¶ A(c). Plaintiff recommends an even distribution of the PAGA settlement amount between the aggrieved employees, which nets approximately $44.64 over 112 employees.

Pursuant to the settlement, aggrieved employees release claims for civil penalties recoverable under PAGA. The Settlement Agreement does not, however, "otherwise cover individual, underlying claims or causes of action that Aggrieved Employees may have under the law." SA ¶ C(2). Plaintiff, individually, has agreed to release any and all claims, including unknown claims, that she may have against VITAS as of the Effective Date. She has further agreed not to participate in any class, collective, or enforcement action. Included with the aggrieved employee distribution will be a notice letter explaining the terms of the settlement and the scope of the release. The letter makes clear that though aggrieved employees may not bring subsequent PAGA actions, they retain the right to initiate private suits.

### III. LEGAL STANDARD

A plaintiff suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). Accordingly, a judgment in a PAGA action binds not only the plaintiff, but also the government and nonparty aggrieved employees. *Id.* at 985; *see also Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 380 (2014). Under PAGA, a trial court must review and approve any settlement of PAGA claims. Cal. Lab. Code § 2699(l)(2). Additionally, the proposed settlement must be submitted simultaneously to the California Labor and Workforce Development Agency ("LWDA"). *Id.*

"[N]either the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer" to the "vexing" question of what standard of approval ought to be applied to PAGA settlements. *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F.Supp.3d 1074, 1075 (N.D. Cal 2017). Nonetheless, courts routinely approve PAGA settlements if (1) the statutory requirements set forth by PAGA have been satisfied, and (2) the settlement agreement is fair, reasonable, and adequate in view of PAGA's public policy goals. *See Rincon v. West Coast Tomato Growers, LLC*, 2018 WL 828104, at *2 (S.D. Cal. Feb. 12, 2018). Courts employ the relevant *Hanlon* factors, as set out by the Ninth Circuit in the class action settlement context, to gauge the fairness, reasonableness, and adequacy of a proposed PAGA settlement. *Id.* at *2 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). These factors are evaluated in light of PAGA's public policy goals of "benefit[ing] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *O'Connor v. Uber Techs. Inc.*, 201 F.Supp.3d 1110, 1132-33 (N.D. Cal. 2016).

### IV. DISCUSSION

Both the *Hanlon* factors and PAGA's public policy goals support approval of the settlement.[1] Plaintiff admits that proceeding with litigation would be risky because of the high

---

[1] At the hearing, counsel for Plaintiff indicated that though the LWDA and the California Division of Occupational Safety and Health were notified of the settlement and hearing date as required, the

ORDER APPROVING PAGA SETTLEMENT
CASE NO. 20-cv-04948-RS

3

number of employees and their varying experiences with VITAS's policies, locations, and managers. *See Cardenas v. McLane Foodservice, Inc.*, 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) ("Given the statutory language [of PAGA], a plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant."). Moreover, the effects of COVID-19 on worker safety present novel legal questions requiring speedy resolution. Ongoing litigation would not only be expensive and complex, but it would likely delay or obviate the need for urgent COVID-19 policy changes. Because $20,000 is both within the range of reasonableness and large enough to serve as a deterrent to "encourage[e] compliance with Labor Code provisions," it is approved. *See O'Connor*, 201 F.Supp.3d at 1132-33.

## V. CONCLUSION

For the reasons set forth above, the PAGA settlement is approved.

**IT IS SO ORDERED**.

Dated: April 2, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

agencies declined to intervene or appear.